**EVANS et al. v. HUDSON COAL CO.**

Civ. A. No. 2779.

United States District Court
M. D. Pennsylvania.

July 21, 1949.

James G. McDonough, J. Frank Connolly, and Bernard J. Brown, Scranton, Pa., James W. Scanlon, Scranton, Pa., for plaintiffs.

R. S. Houck, Frank D. Mahon, Scranton, Pa., B. R. Jones, Jr., Paul Bedford (of Bedford, Waller, Jones & Darling), Wilkes Barre, Pa., for defendant.

WATSON, Chief Judge.

The plaintiffs in this case filed two motions, one for an order requiring defendant to produce certain documents alleged to be in the defendant's possession, custody and control; the other motion for an order directing that the Board of Conciliation be disqualified from sitting as a board of arbitration, and that this case be referred to a board of arbitration to be appointed by the Court.

The record in this case clearly shows that this Court is without jurisdiction of the subject matter of these motions at this time. By an order of this Court entered April 24, 1947, 71 F.Supp. 152, all proceedings in this case were stayed until arbitration had been had in accordance with the terms of the agreements between the parties. An appeal was taken from this Order to the United States Court of Appeals for the Third Circuit, and that Court, in its mandate, filed February 26, 1948, affirmed the stay order of this Court. 165 F.2d 970.

This Court is bound by the Mandate of the United States Court of Appeals, and, so far as this case is concerned, the hands of this Court are tied until arbitration is had in accordance with the terms of the agreements between the parties. This Court cannot vary the Mandate of the United States Court of Appeals. Only the United States Court of Appeals may change or vary that Mandate.

The relief requested in these motions is something which this Court cannot grant. Such action would constitute a modification and variance of the Mandate of the United States Court of Appeals.

Now, July 21, 1949, plaintiffs' motion for the production of documents alleged to be in the possession, custody and control of the defendant is denied, and the motion by the plaintiffs for an order disqualifying the Board of Conciliation from sitting as a board of arbitration in this matter is denied.